IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00922-BNB

NICKY L. SMITH,

Applicant,

v.

WARDEN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 29 2008

GREGORY C. LANGHAM
CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Applicant Nicky L. Smith is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Smith initiated this action by filing *pro se* two slightly different applications for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 23, 2008, Mr. Smith filed an amended application for a writ of habeas corpus pursuant to § 2254. Mr. Smith is challenging the validity of his conviction and sentence in case number 97CR3005 in the El Paso County District Court.

On June 2, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response to address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 19, 2008, Respondents filed their Pre-Answer Response. On July 21, 2008, Mr. Smith filed a reply to the Pre-Answer Response. On July 30,

2008, Mr. Smith filed a "Motion for the Appointment of Counsel." That motion will be denied as premature.

The Court must construe the amended application and other papers filed by Mr. Smith liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the amended application in part.

Mr. Smith was convicted by a jury of one count of first degree assault. He was sentenced as an habitual criminal to sixty-four years in prison. The judgment of conviction was affirmed on direct appeal. *See People v. Smith*, No. 98CA2398 (Colo. Ct. App. Mar. 30, 2000) (unpublished). The Colorado Supreme Court denied Mr. Smith's petition for writ of certiorari on direct appeal in October 2000.

On January 26, 2001, Mr. Smith filed a motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. The Rule 35(b) motion was denied on February 22, 2001, and Mr. Smith filed a notice of appeal. While the appeal was pending, Mr. Smith filed in the trial court a postconviction Rule 35(c) motion. The trial court denied the Rule 35(c) motion for lack of jurisdiction based on the pending appeal. Mr. Smith then asked the Colorado Court of Appeals to dismiss his appeal from the denial of the Rule 35(b) motion so that he could pursue his Rule 35(c) claims. As a result, the Colorado Court of Appeals dismissed Mr. Smith's appeal from the denial of the Rule 35(b) motion.

Mr. Smith then appealed from the denial of his Rule 35(c) motion. On March 27, 2003, the Colorado Court of Appeals entered an order remanding the case to the trial court for consideration of Mr. Smith's Rule 35(c) motion. On April 4, 2007, following a hearing on remand, the trial court denied the rule 35(c) motion on the merits. Mr. Smith filed a notice of appeal from the order denying his Rule 35(c) motion but the Colorado Court of Appeals dismissed the appeal as untimely. The Court received the instant action for filing on April 23, 2008.

Mr. Smith asserts eight claims for relief in the amended habeas corpus application. He specifically claims that:

(1)  the jury should have been instructed on the heat of passion statutory mitigator for assault;

(2)  he improperly was impeached with a prior felony theft conviction;

(3)  his prior felony theft conviction was induced illegally and should not have been used to enhance his sentence;

(4)  there was no minority representation on the jury;

(5)  the jury instructions removed an essential element from the jury's consideration;

(6)  his prior felony theft conviction was not final and should not have been used to enhance his sentence;

(7)  the habitual criminal charges were not presented to the jury; and

(8)  the habitual criminal charges were filed against him only because he exercised his right to a preliminary hearing.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C. § 2244(d). However, Respondents contend that all but one of Mr. Smith's claims are not exhausted and are procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all

4

of the available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents concede that Mr. Smith's first claim for relief in this action is exhausted because that claim was raised on direct appeal as a federal constitutional claim. Respondents argue that Mr. Smith's second claim for relief is not exhausted because, although Mr. Smith raised the claim on direct appeal, he raised the claim only as a matter of state law and not as a federal constitutional claim. Respondents argue that Mr. Smith's third claim for relief also is not exhausted because Mr. Smith raised the third claim on direct appeal only as the basis for an ineffective assistance of counsel claim and not under the same legal theory that he pursues in this action.

Mr. Smith asserts in his reply that he did exhaust state remedies on direct appeal for his second and third claims for relief. He further asserts that Respondents have not provided the Court with his opening brief on direct appeal and that, as a result, Respondents' arguments for dismissing his second and third claims for relief cannot fairly be evaluated. The Court agrees with this second assertion.

Respondents have not provided the Court with a copy of Mr. Smith's opening brief on direct appeal. The opening brief attached to Respondents' Pre-Answer Response as Exhibit A is a copy of Mr. Smith's opening brief on appeal from the first denial of his Rule 35(c) motion. The case number referenced in the opening brief attached as Exhibit A is 02CA235. The case number for Mr. Smith's direct appeal is 98CA2398. Therefore, the Court will not dismiss Mr. Smith's second and third claims for relief because Respondents fail to demonstrate that Mr. Smith did not exhaust state court remedies for those claims.

5

Respondents also argue that Mr. Smith failed to exhaust state court remedies for his other five claims, claims four through eight in the amended application, because those claims were not fairly presented to the Colorado appellate courts. Respondents specifically argue that, even assuming Mr. Smith raised claims four through eight in his Rule 35(c) motion that was denied on the merits in April 2007, he did not exhaust state court remedies because his appeal from the order denying his Rule 35(c) motion on the merits was dismissed as untimely. Mr. Smith does not address this argument in his reply to the Pre-Answer Response. He makes only a conclusory allegation in his reply that he has exhausted state court remedies for all of his claims.

The Court finds that Mr. Smith failed to exhaust state court remedies for claims four through eight. Mr. Smith alleges in the amended application that claims four through eight were raised in the trial court in his Rule 35(c) motion. He does not include claims four through eight among the claims he allegedly raised on direct appeal. Therefore, because Respondents have provided documentation that demonstrates Mr. Smith's appeal from the denial of his Rule 35(c) motion on the merits was dismissed as untimely, the Court agrees with Respondents that Mr. Smith did not fairly present claims four through eight to the Colorado appellate courts.

Although Mr. Smith failed to exhaust state remedies for claims four through eight, the Court may not dismiss those claims for failure to exhaust state remedies if Mr. Smith no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions that are not

applicable to the claims Mr. Smith failed to exhaust. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII). Furthermore, it appears that any further efforts by Mr. Smith to raise claims four through eight in state court would be time-barred. *See* Colo. Rev. Stat. § 16-5-402. Therefore, the Court finds that claims four through eight are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Smith's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Smith fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider claims four through eight will result in a fundamental miscarriage of justice. Therefore, the Court finds that claims four through eight are procedurally barred and must be dismissed.

In summary, Respondents concede that this action is timely. Mr. Smith's first claim for relief will not be dismissed because Respondents concede it is exhausted. Claims two and three will not be dismissed for failure to exhaust because Respondents fail to demonstrate that Mr. Smith failed to exhaust those claims. Claims four through eight will be dismissed as procedurally barred. Therefore, upon completion of the

Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that claims four, five, six, seven, and eight in the amended habeas corpus application are dismissed as procedurally barred. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 28 day of Aug, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01356-BNB

Nick L. Smith
Prisoner No. 98861
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Laurie A. Booras
First Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  8/29/08  .

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk