IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00922-LTB-KLM

NICKY L. SMITH,

      Applicant,

v.

WARDEN MILYARD,
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      Before the Court is an **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** [Docket No. 5; Filed May 23, 2008] filed by Nicky L. Smith ("Applicant").[1] Respondents filed an Answer on November 6, 2008 [Docket No. 23] and applicant a Traverse on July 7, 2009 [Docket No. 38]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R. 72.1C, the Application has been referred to this Court for recommendation. The case has been fully briefed and is ripe for resolution.  The Court has considered the relevant pleadings, the state court record, and the applicable case law, and is sufficiently advised in the premises.  For reasons set forth below, the Court recommends that the Application be **DENIED**.

### I. Background and Procedural History

_____

      [1] Applicant's two prior applications [#3] and [#4] are superseded by the later filed Application [#5].

1

Applicant is an inmate in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado.  Applicant is challenging the validity of his conviction in the El Paso County District Court.  On September 22, 1997, Applicant was charged with first-degree assault, in violation of Colo. Rev. Stat. 18-3-202(1)(a), and a crime of violence count, a violation of Colo. Rev. Stat. §16-11-309.  *File* at 6-7.[2]  On December 4, the prosecution added habitual criminal counts based on Applicant's prior felony convictions, pursuant to Colo. Rev. Stat. §16-13-101.  *File* at 22-23.

The following evidence was established at trial and supported Applicant's conviction: on August 16, 1997, Mr. Smith was in Dorchester Park in Colorado Springs, where he met Chris Gray.  *Trans*  v. I at 19.  Gray drank a couple of beers with Smith early in the afternoon.  *Id.* at 22.  At some point during that day, Smith threatened a woman with a steak knife.  *Id.* at 22-23; v. III at 414-17.  Smith continuously harassed other people in the park by throwing rocks and yelling at them.  *Trans* v. I at 22-23; v. III at 420.

Gray decided to talk to Smith about his behavior.  *Trans* v. I at 30.  As Gray approached, Smith was holding a broken bottle in his hand.  *Id.* at 30-31.  Gray told Smith to drop the bottle and go on his way and "let everybody just have a good time today."  *Id.* at 31.  Gray's nephew, who was also at the park, said something and Gray turned his head.  *Id.*  Smith said, "Nigger, what?" to Gray, then hit him with the bottle.  *Id.*  Smith sliced him several times from his mouth to his chest.  *Id.* at 31-32.

After the attack, Smith began laughing and then ran out of the park.  *Id.* at 32 .  Gray

---

[2] The state court record has been provided by the El Paso County District Court Clerk's Office on a compact disc. The CD contains two folders, one titled "File", which contains all the pleadings, and one named "Trans," which contains the trial and sentencing transcripts.

chased after him. *Id.* When they reached the street, a police officer was there giving a motorist a ticket. *Id.* Gray caught up with Smith and tackled him to the ground and held him there while waiting for other police officers to arrive. *Id.* at 32-33. The police officer had called for backup. *Id.* at 32. A member of the fire department, who was at the scene, told Gray that he needed to go to the emergency room immediately. *Id.* at 33.

The parties stipulated at trial that the injuries suffered by Gray constituted "serious bodily injury" as defined in the first degree assault statute. *Trans* v. II at 281-92. Gray's injuries required two weeks of hospitalization. *Id.* v. I at 17. Smith cut him on the neck close to the jugular vein. *Id.* at 45. The wounds to his face required a skin graft. *Id.* v II at 148, 152.

On February 23, 1998, Applicant was convicted of first degree assault and the habitual criminal counts. *File* at 56. Applicant was sentenced on October 20, 1998 to 64 years of imprisonment. *Id.* at 101. On direct appeal, Applicant raised the following issues: (1) the trial court erred in refusing to instruct the jury on first and second degree assault committed under the "heat of passion" or on the issue of provocation; (2) the trial court erred in advising Applicant that he could be impeached on a 1997 drug conviction; (3) Applicant was denied the effective assistance of counsel; and (4) the case should be remanded for a proportionality review of Applicant's sentence. *Answer* [#23] Ex. A. On March 30, 2000, the conviction was affirmed by the Colorado Court of Appeals ("CCA") in *People v. Smith*, 98CA2398 (Colo. App. Mar. 30, 2000)(unpublished decision) (*Smith I*). Applicant's petition for a writ of certiorari was denied by the Colorado Supreme Court on October 22, 2000. *Application* [#5] at 3.

On January 26, 2001, Applicant filed a motion for reduction of sentence pursuant to

Colo. R. Crim. P. 35(b) in El Paso County District Court. *File* at 115.  The trial court denied

the motion on February 20, 2001. *File* at 121. The trial court also denied Applicant's motion

for rehearing. *Id.* at 127.  Applicant then filed an appeal with the CCA. *People v. Smith*,

02CA235 (Colo. App. Mar. 27, 2003) (*Smith II*) at 1.

On May 16, 2001, Applicant filed a motion to vacate judgment of conviction pursuant

to Colo. R. Crim. P. 35(c), raising four grounds for relief: (1) there was selective prosecution

on the habitual criminal counts; (2) there were no racial minorities on the jury; (3) ineffective

assistance of counsel; and (4) the applicability of the sentencing aggravators should have

been determined by the jury. *File* at 135.  The El Paso County District Court concluded that

it did not have jurisdiction over the Rule 35(c) motion and denied the motion. *File* at 191.

Thereafter, Applicant moved to dismiss his 35(b) appeal with the CCA. *Smith II* at 1.  The

CCA dismissed that appeal. *File* at 200.

Applicant proceeded with an appeal of the denial of his 35(c) motion. *Smith II* at 1.

On March 27, 2003, the CCA remanded the case to the district court for consideration of the

merits of  the Rule 35(c) motion. *Id.* at 2.  The CCA ruled that since Applicant dismissed his

35(b) appeal, the district court had jurisdiction over the Rule 35(c) motion.

*Id.*

On April 4, 2007, the district court denied Applicant's Rule 35(c) motion on the merits.

*Answer* Ex. G at 14.  The CCA dismissed Applicant's appeal of the denial of Rule 35(c)

motion as untimely on October 19, 2007. *Id.* Ex. F.  Applicant filed an amended application

for a writ of habeas corpus in this Court on May 23, 2008, raising the following claims for

relief:

> *Claim One*                                          The jury should have been instructed on

|                | the heat of passion statutory mitigator |
|----------------|------------------------------------------|
| *Claim Two*    | Improper impeachment with a prior felony theft conviction |
| *Claim Three*  | A prior theft conviction should not have been used to enhance his sentence |
| *Claim Four*   | There was no minority representation on the jury |
| *Claim Five*   | The jury instructions removed an essential element from jury consideration |
| *Claim Six*    | His prior theft conviction was not final and should not have been used to enhance his sentence |
| *Claim Seven*  | The habitual criminal charges should have been submitted to the jury |
| *Claim Eight*  | The prosecution brought the habitual criminal charges because Applicant exercised his right to a preliminary hearing |

*Application* [#5] at 5-6.

On August 28, 2008, District Court Judge Zita L. Weinshienk dismissed Claims Four, Five, Six, Seven and Eight as procedurally barred.  *Order to Dismiss* [#15].  The Court denied Respondents' motion to dismiss the second and third claims because they failed to demonstrate that Applicant did not exhaust his state court remedies. *Id.* at 5.  As the basis for this decision, the Court cited the fact that Respondents had not provided the court with a copy of Applicant's opening brief on direct appeal.  *Id.*  Therefore, Claims One, Two, and Three remain for adjudication.

## II. Analysis

### A. Applicant's Status

5

Applicant is proceeding *pro se.* Therefore, the Court must construe his Application liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In this regard, the Court should carefully weigh the need for Applicant to present constitutional claims against any procedural defects caused by Applicant's *pro se* status. *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993). However, the Court is not the nonmoving party's advocate and must nevertheless deny an application that is based on vague or conclusory allegations. *Hall*, 935 F.2d at 1110.

## B. Standard of Review

Pursuant to 28 U.S.C. § 2254(d), an application for writ of habeas corpus may be granted only if it is based on an underlying state court decision that (1) is "contrary to . . . clearly established Federal law, as determined by the Supreme Court, or (2) involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court." *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); *see also Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999). A decision is contrary to clearly established federal law when it contradicts prior Supreme Court precedent and arrives at a conclusion that is "diametrically different" from that precedent. *Williams*, 529 U.S. at 406. A decision involves an unreasonable application when it utilizes the correct legal principle but reaches an "objectively unreasonable" outcome based on the facts at issue. *Id.* at 409. In addition, pursuant to this Court's habeas review, a presumption of correctness exists regarding trial and appellate court findings of fact. *Sumner v. Mata*, 455 U.S. 591, 592-93 (1982). As such, Applicant bears the burden of rebutting this presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997).

6

## C. Exhaustion of Remedies and Procedural Default

Before an application for a writ of habeas corpus may be considered, the Applicant must have exhausted all available state remedies. 28 U.S.C. § 2254(b). "The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). The state and federal courts have concurrent power to "guard and protect rights secured by the Constitution." *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citation omitted). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 8383, 842 (1999).

Respondents concede that Applicant exhausted his state court remedies as to Claim One. *Answer* at 11. However, Respondents reassert that Applicant has failed to exhaust on Claims Two and Three. As noted above, on preliminary review of the Application, the District Court Judge did not dismiss Claims Two and Three because Respondents did not attach a copy of Applicant's opening brief on direct appeal. *Order* [#15] at 5. Respondents assert that the omission of the brief from their earlier response to the Application was inadvertent. *Answer* [#23] at 7. Respondents have now filed the brief. *Id.* Ex. A. Therefore, I recommend that the Court reconsider Respondents' exhaustion claim regarding Claims Two and Three, and I will address the issue here.

Claim Two alleges that Applicant was improperly impeached on a prior felony conviction. Respondents contend that Applicant raised this issue on direct appeal, but only as a matter of state law. Therefore, Respondents assert that the claim should be dismissed

7

as unexhausted.

In order to meet the exhaustion requirement, the claim advanced by the federal habeas petitioner must have been submitted to the state courts as one arising under the federal constitution. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). The decision of the last state court to which the petitioner submitted his claims must fairly appear to rest on issues of federal law or to be interwoven with federal law. *Id.* In *Duncan v. Henry*, 513 U.S. 364, 366 (1995), the Supreme Court recognized that an applicant must alert the state court to the federal constitutional nature of his claims in order to properly exhaust his claims. That is, "mere similarity of claims is insufficient to exhaust," and "[i]f a habeas petitioner wishes to claim that [a ruling] at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.* "[T]he substance of a federal habeas corpus claim must first be presented to the state courts in a manner which alerts the state courts to the fact that the defendant is raising federal constitutional issues and not simply issues of state law." *Huynh v. Archuleta*, No. 06-cv-02118-CMA-CBS, 2009 WL 798846, at *4 (D. Colo. Mar. 24, 2009).

On direct appeal, Applicant argued that the trial court erred in advising him that his prior guilty plea could be used to impeach his credibility because his conviction in that case was not final. *Answer* [#23] Ex. A at 13. Applicant cited Colo. Rev. Stat. § 13-90-101 and Colorado case law to support his claim, but did not mention any federal constitutional violations. *Id.* at 13-19. Therefore, Applicant has not exhausted his state court remedies on Claim Two.

Applicant's Claim Three asserts that an "illegally induced" felony theft charge from 1995 "was used to enhance his sentence outside the presumptive range." *Application* [#5]

8

at 6.  In his direct appeal in state court, Applicant alleged that he was denied the ineffective assistance of counsel because his counsel failed to "preserve defendant's collateral challenges to his guilty plea and conviction for felony theft" in a 1995 case.  *Answer* [#23] Ex. A at 19.  These are different constitutional claims, one involving a potential due process violation under the Fourteenth Amendment and the other a Sixth Amendment claim.[3]

"[E]xhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court."  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).  For example, habeas petitioners fail to exhaust where the basis of their state court ineffectiveness claim differs from that of the federal ineffectiveness claim. *Thomas v. Gibson,* 218 F.3d 1213, 1221 n. 6 (10th Cir. 2000).  Because Applicant's claim regarding his prior felony theft conviction was presented under two different legal theories in state and federal court, he has not exhausted this claim.

Applicant has exhausted his state remedies on Claim One. *Answer* [#23] at 11. Because the Application contains exhausted and unexhausted claims, however, Respondents contend that the case should be dismissed as a mixed petition. *Id.*

Even if state remedies properly have been exhausted as to one or more claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised.  *Rose*, 455 U.S. at 522; *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).  This rule, established in *Rose,* is not absolute.  *Harris*, 48 F.3d at 1131 n. 3.  If a federal court faced with a mixed

---

[3] In Applicant's direct appeal, the CCA declined to address his ineffective assistance of counsel claim because no hearing had yet been held.  *Smith I* at 3.  Applicant also raised an ineffective assistance of counsel claim in his Rule 35(c) motion, but he did not challenge counsel's conduct regarding the 1995 felony theft conviction. *File* at 135.

petition determines that the unexhausted claims would now be procedurally barred in state court, "there is a procedural default for purposes of federal habeas...." *Id.* (citing *Coleman*, 501 U.S. at 735 n. 1). In such an instance, instead of dismissing the entire petition, the Court may deem the unexhausted claims procedurally barred and address the merits of the exhausted claim. *Kyler v. Foshee*, 90 Fed. Appx. 292, 298 (10th Cir. 2004); *Harris*, 48 F.3d at 1131 n. 1.

On habeas review, the federal court will not consider issues that have been defaulted in state court on an independent and adequate state procedural ground. *Hickman v. Spears,* 160 F.3d 1269, 1271 (10th Cir. 1998). A state procedural ground is independent if it relies on state law as the basis for its decision. *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). For a state ground to be adequate it must be "strictly or regularly followed" and "evenhandedly applied to all similar claims." *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982).

Under Colorado law, a post-conviction motion must be filed within three years of the date of conviction. Colo. Rev. Stat. § 16-5-402. Applicant was convicted on February 23, 1998. *File* at 56. Any motion filed in state court now would be untimely. The time limits of § 16-5-402 are a "firmly established" and "regularly followed" procedural rule. *Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir. 1995); *Holloman v. Ortiz*, No. 06-cv-01226-WYD, 2009 WL 798836, at *12 (D. Colo. Mar. 24, 2009).

Applicant's claims would also be barred as successive under Colo. R. Crim. P. 35(c)(3)(VI). That rule states that a court "shall deny any claim that has been raised in a prior appeal or postconviction proceeding on behalf of the same defendant." Colo. R. Crim. P. 35(c) is an adequate and independent state ground. *Huynh*, 2009 WL 798846, at *12; *Holloman*, 2009 WL 798836, at *12. Therefore, Applicant has procedurally defaulted on

Claims Two and Three and cannot obtain federal habeas relief on those claims.  Since these unexhausted claims are procedurally barred, the Court will now address the merits of Applicant's exhausted claim.

### D.  Merits of Claim I

Applicant contends that the jury should have been instructed on the mitigating factor of heat of passion as it applies to an assault charge under Colo. Rev. Stat. §18-3-202(2)(a). *Application* [#5] at 5.  Applicant did not tender such an instruction in the trial court nor did he object to the instructions given by the court.  *Smith I* at 1.  On direct appeal, Applicant argued that the failure to give the instruction violated Colo. Rev. Stat. § 18-3-202 (2)(a). *Answer* [#23] Ex. A at 8.   The CCA ruled that there was no evidence to support an instruction on the heat of passion mitigator.  *Smith I* at 2.

As a preliminary matter, "errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'"  *Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir. 1997) (citations omitted).   To obtain relief, a habeas application must demonstrate that the erroneous instruction "by itself so infected the entire trial that the resulting conviction violates due process."  *Henderson v. Kibble*, 431 U.S. 145, 154 (1977). Since the issue here is the omission of a particular instruction, it "is less likely to be prejudicial than a misstatement of law."  *Id.* at 155.   Moreover, due to counsel's failure to object in this case, the court is restricted to plain error review.  *Hunter v. State of New Mexico*, 916 F.2d 595, 598 (10th Cir. 1990); *see also* Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").

Under Colorado law, the elements of the heat of passion mitigator are (1) the act was performed in a sudden heat of passion; (2) caused by a "serious and highly provoking act of the intended victim;" (3) which was sufficient "to excite an irresistible passion in a reasonable person;" and (4) there was no "interval between the provocation and the injury sufficient for the voice of reason and humanity to be heard." Colo. Rev. Stat. §18-3-202(2)(a). The CCA determined that the following evidence, presented by Applicant, did not support the instruction:

> The victim's nephew threw a bottle which hit defendant but did not break. The victim then pushed defendant, who had a broken bottle in his hand, and knocked him down. Defendant got up and began backing up. Defendant and the victim then swung at each other simultaneously; defendant's broken bottle cut the victim's lip, throat, and neck.

*Smith I* at 2.

The CCA found that pushing a person to the ground is not a "seriously and highly provoking act" within the meaning of the statute and that the victim's conduct could not have caused defendant's response. *Id.*

The CCA's decision was not contrary to federal law or objectively unreasonable. Further, its findings do not appear to be based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d).

Applicant is also not entitled to federal habeas relief on this claim because Applicant raises the absence of a heat of passion instruction issue solely as a violation of a Colorado statute. "[F]ederal habeas relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). It is not "the province of a federal habeas court to reexamine state-court determinations on state law questions." *Estelle*, 502 U.S. at 68. Moreover, even if the

12

alleged error committed by the trial court was a constitutional one, Applicant has not demonstrated that the error had "a substantial and injurious effect in determining the jury's verdict," as required under the plain error standard of review. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993).  Accordingly, the trial court's failure to offer an instruction on the heat of passion statutory mitigator did not deprive Applicant of due process or a fair trial.

III. Conclusion

In reviewing the merits of Applicant's claims, the Court finds that Applicant is not entitled to relief pursuant to 28 U.S.C. § 2254. No evidentiary hearing is required. Accordingly, for the reasons stated above, the Court RECOMMENDS that the  Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED** and that this case be dismissed with prejudice.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: September 1, 2009

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge